# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 19-6039

_____

In re: Kip and Andrea Richards Family Farm & Ranch, LLC, doing business as
Richards Farm & Ranch, LLC

*Debtor*

------------------------------

Kip L. Richards; Andrea Richards

*Interested parties - Appellants*

v.

Rabo AgriFinance, LLC

*Creditor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska - Lincoln

_____

Submitted:  April 8, 2020
Filed: May 4, 2020

_____

Before SCHERMER, SHODEEN and SANBERG, Bankruptcy Judges.

_____

SCHERMER, Bankruptcy Judge

Kip L. Richards and Andrea Richards appeal the bankruptcy court's[1] decision that they were equitably estopped from asserting ownership of machinery and equipment in the bankruptcy case of Kip and Andrea Richards Family Farm Ranch, LLC (Debtor), and its denial of their request for the bankruptcy court to alter or amend its ruling or for a new trial.[2] We have jurisdiction over this appeal from the final orders of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons that follow, we affirm.

## ISSUES

The central issue on appeal is whether the bankruptcy court properly held that Kip and Andrea Richards were equitably estopped from claiming ownership of certain machinery and equipment. We hold that it did. We also hold that the bankruptcy court did not abuse its discretion when it denied the request of Kip and Andrea Richards to alter or amend its ruling or for a new trial.

## BACKGROUND

The Debtor filed its Chapter 11 bankruptcy petition in January 2015. Rabo AgriFinance, LLC (Rabo) was a secured creditor and Kip and Andrea Richards were members of the Debtor. At the commencement of the Debtor's bankruptcy case, Kip Richards signed the Debtor's bankruptcy schedules and statement of financial affairs as its managing member. He also authorized the Debtor to file monthly operating reports, which were prepared by Andrea Richards. Kip reviewed the list of property in each operating report and never told Andrea to revise it. In each document filed with the court Kip Richards represented that the Debtor owned the machinery and equipment that is at issue in this appeal.[3] The Debtor's post-petition

---

[1] The Honorable Shon Hastings, Chief Judge, United States Bankruptcy Court for the District of North Dakota, sitting by designation.

[2] The bankruptcy court's orders also addressed procedural and other issues about which no argument was made in this appeal. We deem arguments concerning these issues to be abandoned.

[3] In response to the statement of financial affairs item requiring disclosure of all property owned by another person that the Debtor holds, the Debtor checked "None."

tax returns, signed by Kip Richards, also claim ownership of many pieces of the machinery and equipment at issue. The 2015 individual tax return of Kip and Andrea Richards included no entry for depreciation. The depreciation listed on their 2016 tax return did not pertain to farm equipment. The Debtor did not abandon any machinery and equipment at issue.

The Debtor confirmed its Third Amended Chapter 11 bankruptcy plan with an addendum (Plan), in February 2017. The Plan required liquidation of substantially all the Debtor's assets including substantially all the Debtor's equipment, in cooperation with Rabo. Unfortunately, no list of equipment was attached to the Plan. The Plan states that (other than specifically provided) Rabo would be entitled to the proceeds of the liquidation. Pursuant to the Plan, the Debtor and Rabo would dismiss a pending appeal and "[i]n exchange, for the dismissal of the appeal, Rabo has agreed to dismiss any and all lawsuits against the individual members of [the Debtor]." The Plan also included injunction, exculpation, and limitation of liability causes.

During plan negotiations, Rabo's attorney and the Debtor's attorney discussed the possibility of Rabo's dismissal of litigation against the Debtor's guarantors (including Kip and Andrea Richards). On November 30, 2016, Rabo's attorney sent an email to the Debtor's attorneys stating that Rabo would need signed and verified balance sheets from the guarantors before it would consider dismissing litigation against them. Shortly thereafter on December 10, 2016, Kip and Andrea Richards signed an individual balance sheet itemizing their fixed assets which did not include the machinery and equipment that is at issue in this appeal. The Third Amended Plan was filed on December 16, 2016. In January 2017, Rabo dismissed its pending state court action against the Richards without prejudice.

Post-confirmation litigation ensued concerning ownership of machinery and equipment. Because the parties are familiar with the history of that litigation, we do not recite it in its entirety.

In an August 2018 order on Rabo's motion to direct the Debtor to comply with the Plan, the bankruptcy court granted Rabo's request to compel the Debtor to sell (or deliver to Rabo) machinery and equipment owned by the Debtor on the confirmation date, conditioned on Rabo's timely filing of a list of machinery and equipment with evidence that the Debtor owned the machinery and equipment at confirmation. At a December 2018 hearing also on Rabo's motion, the court received evidence regarding machinery and equipment owned by the Debtor. It then entered an order requiring the Debtor to deliver to an auction company machinery and equipment identified on an amended list filed on the court docket or turn the machinery and equipment over to Rabo by a date certain.

When the Debtor failed to comply with the court's order to deliver the machinery and equipment to the auction company or Rabo, Rabo filed a Motion for civil contempt and sanctions (Civil Contempt and Sanctions Motion). In a separate filing allowed by the bankruptcy court, Rabo sought as its remedy a "writ of execution [] forcing the debtor to divest its title in . . . equipment previously ordered to be conveyed and/or sold and vest that title in the creditor Rabo." After hearings, the bankruptcy court granted Rabo's Civil Contempt and Sanctions Motion (Civil Contempt and Sanctions Order) and entered a writ of execution (Writ of Execution) granting authority to repossess and sell the machinery and equipment on the amended list filed with the court by Rabo as a sanction for the Debtor's failure to either turn the machinery and equipment over to Rabo or sell the machinery and equipment and submit the proceeds to Rabo.

Kip and Andrea Richards filed a motion to amend the Civil Contempt and Sanctions Order (Motion to Amend), to which Rabo objected. It is the order disposing of the Motion to Amend that is the focus of this appeal.

The bankruptcy court held two hearings on the Motion to Amend. At the first hearing, the court stated that it determined at the December 2018 hearing on Rabo's motion to direct compliance with the Plan that the Debtor owned the property listed on the Writ of Execution. The bankruptcy court recognized that Nebraska law

4

allows a third party to contest ownership after a writ is executed. Neither party objected to the court's determination of the issue of ownership before the writ was executed and in the context of the Motion to Amend. Pursuant to the court's instructions, Kip and Andrea Richards then submitted a list of equipment they claimed to own. They claim ownership of numerous pieces of equipment on the Writ of Execution. After a second hearing, the court determined that Kip and Andrea Richards were equitably estopped from asserting ownership to most of the equipment.[4] The court also denied the relief they requested in their motion to amend or for a new trial brought under Federal Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable in bankruptcy proceedings (Rule 59 Motion).

## STANDARD OF REVIEW

We review "the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*." *Snyder v. Dykes (In re Dykes),* 954 F.3d 1157, 1159 (8th Cir. 2020). A ruling on a motion to alter or amend a judgment under Rule 59(e) or for a new trial under Rule 59(a) is reviewed for an abuse of discretion. *Ryan v. Ryan*, 889 F.3d 499, 508-09 (8th Cir. 2018); *Larson v. Farmers Co-op. Elevator of Buffalo Ctr.*, 211 F.3d 1089, 1095 (8th Cir. 2000).

## DISCUSSION

**Jurisdiction**

We reject Rabo's argument that we lack jurisdiction to hear this appeal because it was untimely filed. According to Rabo, the issue of ownership of the machinery and equipment was before the bankruptcy court on multiple occasions and the failure by Kip and Andrea Richards to appeal any of the court's prior rulings prevents them from filing this appeal. The two bankruptcy court orders appealed are the: (1) September 30, 2019 order on the Motion to Amend; and (2) November 14,

---

[4] The Writ of Execution was amended to exclude some items for which the court found that Kip and Andrea Richards were not equitably estopped from asserting an ownership interest and that are not at issue in this appeal.

5

2019 order on the Rule 59 Motion. Rabo may not recast the orders being appealed. Kip and Andrea Richards timely filed their notice of appeal on November 27, 2019. *See* FED. R. BANKR. P. 8002 (Fourteen-day time to appeal runs from entry of an order disposing of a motion under Federal Rule of Bankruptcy Procedure 9023, which rule makes Federal Rule of Civil Procedure 59 applicable).

**Equitable estoppel**

At the hearings on their Motion to Amend, Kip and Andrea Richards claimed ownership of several pieces of equipment listed on the Writ of Execution. Kip Richards testified that he transferred machinery and equipment he now claims to own to the Debtor at its formation in 2010 when other members of the Debtor also transferred property into the Debtor in exchange for membership units. He believed the property was transferred to the Debtor because a prior lender "needed the equipment to operate us." Kip and Andrea Richards claim that the collateral for the Debtor's loan from Rabo included only real estate and cattle, not machinery and equipment. They also maintain that based on a document they offered into evidence and the understanding that Rabo did not need equipment as collateral for its loan, in July 2012 the members of the Debtor transferred the property back to Kip Richards. To the contrary, the list of equipment in the Debtor's annual balance sheet submitted to Rabo at the end of 2012 included equipment that the Richards now claim to own.

The Debtor's bankruptcy schedules, operating reports, and corporate tax returns include items in the Writ of Execution and at issue in this appeal as property owned by the Debtor. Kip and Andrea Richards maintain that these documents are inaccurate. We hold that the bankruptcy court properly applied equitable estoppel to disallow Kip and Andrea Richards from claiming ownership of the items at issue.

Equitable estoppel under Nebraska law requires Rabo to prove six elements:

(1) conduct which amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the

6

expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; (3) knowledge, actual or constructive, of the real facts; (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel.

*Woodard v. City of Lincoln*, 588 N.W.2d 831, 836 (Neb. 1999) (citation omitted).[5] "Under Nebraska law, the party asserting an estoppel, . . . , must prove each element by clear and convincing evidence." *Roeder v. Metro. Ins. and Annuity Co.,* 236 F.3d 433, 438 (8th Cir. 2001) (citing *Double K, Inc. v. Scottsdale Ins. Co.,* 515 N.W.2d 416, 422 (1994))." "[E]quitable estoppel turns on all the facts and circumstances of a particular case." *Id.* at 437-438 (citing *Franksen v. Crossroads Joint Venture*, 515 N.W.2d 794, 803 (1994)).

Kip and Andrea Richards did not specifically dispute before the bankruptcy court or before us that Rabo established the first element of equitable estoppel. We agree with the bankruptcy court's decision that Rabo proved this element. As the bankruptcy court pointed out, in the Debtor's bankruptcy schedules and corporate tax returns, Kip Richards represented that the Debtor owned most of the machinery and equipment in the Writ of Execution. And he authorized the Debtor to file operating reports (prepared by Andrea Richards) with the court that included the machinery and equipment. Kip and Andrea Richards did not include most of the machinery and equipment in their personal tax returns for years 2015 and 2016 or in an individual balance sheet they provided to Rabo shortly before confirmation of the Plan. Switching gears, at a June 2019 hearing on the Motion to Amend, Kip Richards testified that he owned many of the pieces of machinery and equipment.

---

[5] The bankruptcy court analyzed the equitable estoppel issue under Nebraska law. Kip and Andrea Richards state in their brief that the bankruptcy court properly identified the six elements of proof of equitable estoppel. Both parties analyze the issue using the elements applied by the bankruptcy court.

According to Kip and Andrea Richards, the bankruptcy court erroneously stated that they did not contest establishment of the second element of equitable estoppel, the intention or expectation that Rabo would act on their conduct or be influenced by it. They believe that the court erred in finding intent because they presented testimony on the issue of intent and Rabo's evidence showed carelessness or mistake, not intent. The bankruptcy court, after reviewing the evidence, was unconvinced by the argument of Kip and Andrea Richards that the misrepresentations were the result of mistake or neglect. It explained that Kip Richards, acting in both his individual and corporate representative capacities in the Debtor's case, on multiple occasions and in multiple contexts, made misrepresentations about ownership of the machinery and equipment. We see no error in the bankruptcy court's decision.

The bankruptcy court also properly held that Rabo established the third element of equitable estoppel, knowledge of the real facts. Kip and Andrea Richards do not contest this. As the bankruptcy court determined, Kip Richards was the person with the most detailed knowledge of the Debtor's assets. We agree with the bankruptcy court's logical decision that, if as Kip and Andrea Richards represented, the document transferring the machinery and equipment from the Debtor back to Kip Richards in 2012 was genuine, the signature of Kip and Andrea on that document shows that they knew that representations filed with the bankruptcy court concerning the Debtor's ownership of the same machinery and equipment were incorrect.

Rabo also met its burden of proving the fourth element of equitable estoppel, lack of knowledge or the means of knowledge of the true facts. The bankruptcy court properly determined that Rabo exercised reasonable prudence and did not have knowledge of the falsity of the misrepresentations. And we agree with the bankruptcy court that Rabo did not have a duty to inquire further or investigate whether the Debtor owned the assets for which Kip Richards represented to Rabo and the court under oath that the Debtor held an ownership interest. The record shows that there was nothing prior to plan confirmation that should have created a reason for Rabo to inquire further, especially where the parties were working

together in good faith to have the plan confirmed. Although Kip Richards testified at the meeting of creditors that he and his father owned a few pieces of equipment, he did not assert an interest in the other machinery and equipment now at issue in this appeal. And the individual balance sheet provided by Kip and Andrea Richards during plan negotiations also did not include the machinery and equipment at issue.

Contrary to the assertions of Kip and Andrea Richards, we see no reason how the fact that the Debtor's schedules state that some of the machinery and equipment was acquired before the Debtor's formation should have required Rabo to inquire further. It is logical that a third party acquired items prior to the Debtor's formation and later transferred them to the Debtor. Kip and Andrea Richards also believe that Rabo should have done a search of public records that would have shown that titled vehicles listed on the Debtor's schedules were not titled in the Debtor's name. They assert that this would then have put Rabo on inquiry notice to check the Debtor's schedules more carefully. We see no error in the fact that the bankruptcy court did not require Rabo to take the multiple steps proposed to verify the accuracy of the Debtor's schedules signed under penalty of perjury.

Rabo met its burden of showing the fifth element of equitable estoppel, good faith reliance on the statements of Kip and Andrea Richards. Rabo relied on the representations made by Kip Richards as a representative of the Debtor in the Debtor's bankruptcy filings when it agreed to a stipulated plan for the Debtor. It also relied on representations made by Kip and Andrea Richards on their individual balance sheet when it dismissed litigation against them as guarantors.

Rabo proved that it relied in good faith on representations made in the Debtor's bankruptcy court filings that the Debtor owned its machinery and equipment when it negotiated with the Debtor to reach a stipulated plan. The Debtor's Plan required sale of substantially all the Debtor's equipment. We see no error in the bankruptcy court's determination that Rabo was entitled to rely as a matter of law, and it did in fact rely, on the listing of machinery and equipment on the Debtor's schedules (as reiterated throughout the Debtor's case in its operating

9

reports) as the machinery and equipment to be sold under the Plan. The entitlement to rely on representations made in a Debtor's schedules and statements is clear. *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992) ("[T]he petition, including schedules and statements, must be accurate and reliable, without the necessity of digging out and conducting independent examinations to get the facts.") (citation and internal quotation marks omitted); *Bauer v. Iannacone (In re Bauer),* 298 B.R. 353, 357 (B.A.P. 8th Cir. 2003) ("The debtor's duty of disclosure requires updating schedules as soon as reasonably practical after he or she becomes aware of any inaccuracies or omissions."); *Raml v. Raml*, No. 4:15-CV-04154-RAL, 2017 WL 4279656, at \*6 (D. N.D. Sept. 25, 2017) (recognizing that creditors rely on debtor's disclosures in schedules); *In re Grasso*, 586 B.R. 110, 145 (Bankr. E.D. Pa. 2018) (same). In fact, "the bankruptcy system as a whole, and each particular case which forms a component part of it, cannot function without the honest and forthcoming efforts of its debtors." *Kaler v. McLaren (In re McLaren),* 236 B.R. 882, 894 (Bankr. D. N.D. 1999). In addition to its recognition of Rabo's entitlement to rely on the Debtor's bankruptcy filings, we also agree with the bankruptcy court's determination that the Debtor's confirmed Plan, which was reached after lengthy negotiations of the parties and which included the Debtor's <u>promise</u> to sell its machinery and equipment, is evidence that Rabo actually relied on those representations.

The bankruptcy court also correctly held that Rabo proved that when dismissing the guarantor litigation, it relied in good faith on the personal balance sheet provided by Kip and Andrea Richards shortly before confirmation. As the bankruptcy court stated, Rabo's attorney testified that Rabo was only willing to dismiss the action against the guarantors after receiving the balance sheets confirming that the individuals were not claiming an interest in the <u>Debtor's</u> assets.

Kip and Andrea Richards argue that Rabo failed to prove the sixth element of equitable estoppel, action or inaction based on the misrepresentations of Kip and Andrea Richards that caused it to change its position or status. Like the bankruptcy court, we see no merit in the argument that Rabo would not be harmed by a ruling that Kip and Andrea Richards own the machinery and equipment at issue because

10

Rabo did not perfect a security interest in it. As the bankruptcy court recognized, Rabo agreed to the terms of the Plan on the understanding that the equipment to be liquidated was represented to be owned by the Debtor on its schedules and operating reports. And we point out that by the misstatements in the Debtor's court filings, Kip and Andrea Richards harmed not only Rabo, but also the integrity of the bankruptcy system. We also disagree with the argument that because Rabo dismissed the guarantor litigation without prejudice, it took no action or inaction based on the individual balance sheet submitted by Kip and Andrea Richards.

Having allowed the misrepresentations concerning the Debtor's assets to continue throughout the Debtor's bankruptcy case, Kip and Andrea Richards now seek to protect their alleged pecuniary interests by painting Rabo as a trickster. They believe the bankruptcy court erred when it applied equitable estoppel because Rabo's own inequitable conduct disqualifies it from seeking that form of relief. The arguments made by Kip and Andrea Richards lack merit or were not properly presented to the court below.

**Rule 59 motion**

Kip and Andrea Richards also appeal the bankruptcy court's order on their Rule 59 Motion in which they asked the bankruptcy court to amend its ruling on their Motion to Amend to deny relief under equitable estoppel to Rabo or, in the alternative, hold a new trial to allow them to present evidence regarding Rabo's equitable estoppel claim. "Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.' " *Ryan*, 889 F.3d at 507 (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). "A motion for new trial will be granted when a miscarriage of justice occurred in the first trial." *Larson*, 211 F.3d at 1095. Other than arguments we already discussed concerning the merits of the bankruptcy court's ruling on their Motion to Amend, Kip and Andrea Richards do not state specifically how the bankruptcy court erred in denying their Rule 59 Motion. Our review shows

11

that the bankruptcy court carefully considered the arguments in the Rule 59 Motion and, as supported by the record, exercised its discretion to deny the requested relief.

## CONCLUSION

For the reasons stated, we AFFIRM.

_____